# IN THE CIRCUIT COURT OF SEVIER COUNTY, TENNESSEE

JENNIFER NOWLIN, )
)
Plaintiff, )
)
)
v. ) Case No.: 20-CV-500 I
)
)
LOWE'S HOME CENTERS LLC, )
)
Defendant. )

## SUMMONS

### SUMMONS IN A CIVIL ACTION

To: Lowe's Home Centers, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney:

Jonathan W. Doolan, Esq.
800 S. Gay Street, Suite 2250
Knoxville, TN 37929           Telephone: (865) 851-1030

an answer to the Complaint herewith served upon you within 30 days after service of this summons and First Amended Complaint upon you, exclusive of the day of service. You will file the original with the Court. If you fail to do so, judgment by default can be taken against you for the relief demanded in the First Amended Complaint.

Issued and tested this __4__ day of __August__, 2020.

_Rita Ellison_
Clerk

_Crystal Sutton_
Deputy Clerk

(This summons is issued pursuant to Rule 4, Tennessee Rules of Civil Procedure.)

## NOTICE

To the defendant(s):

Tennessee law provides a ten thousand dollars ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## RETURN

I received this summons on the _____ day of _____, 20_____.

I hereby certify and return that on the _____ day of _____, 20_____, I:

[ ] served this summons and First Amended Complaint on defendant _____ in the following manner:

_____
_____.

[ ] failed to serve this summons within 30 days after its issuance because:
_____
_____

_____
Process Server

2

IN THE CIRCUIT COURT OF SEVIER COUNTY, TENNESSEE

JENNIFER NOWLIN, )
)
  Plaintiff, )
)
)
v. ) Case No.: 20-CV-500
) I
)
LOWE'S HOME CENTERS LLC, )
)
  Defendant. )

## COMPLAINT

Plaintiff, Jennifer Nowlin, for her Complaint against Defendant, Lowe's Home Centers, LLC (hereinafter sometimes "Defendant"), avers as follows:

### Nature of Action

1. This is a civil action seeking monetary relief for injuries suffered and sustained by Plaintiff because of Defendant's interference with Plaintiff's right to take medical leave, in willful violation of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601, *et seq*.

### Parties

2. Plaintiff, Jennifer Nowlin, is a resident of Florida.

3. Defendant, Lowes Home Centers, LLC, is a North Carolina Corporation. Defendant can be served with summons and a copy of this Complaint through its registered agent in Tennessee, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

4. At all relevant times, Defendant was an "employer" within the meaning of the FMLA.

5. At all relevant times, Plaintiff was entitled to benefits pursuant to the FMLA.

### Facts

6. Plaintiff began employment with Defendant in August 2015 as a customer service associate, being continually promoted until her most recent position of Fulfillment Coordinator in March 2018.

7. Plaintiff was employed at the Defendant's facility located at 610 Winfield Dunn Parkway, Sevierville, TN 37876, throughout the events giving rise to this lawsuit.

8. Plaintiff worked 1250 hours in the year prior to and was employed with Defendant for the 12 months prior to the events giving rise to this lawsuit.

9. Defendant employed 50 or more employees within a 75 mile radius of Plaintiff's worksite.

10. On September 5, 2019, Plaintiff suffered an injury to her shoulder while working at Defendant's premises in Sevier County.

11. Defendant provided treatment for Plaintiff pursuant to Tennessee Workers' Compensation statute, 50-6-201, *et sec.*

12. Defendant paid for Plaintiff to treat her shoulder injury with Dr. Cordas at Smoky Mountain Orthopedics in Sevierville, TN.

13. Dr. Cordas put several work restrictions on Plaintiff, including a note taking Plaintiff out of work from October 29, 2018 until November 6, 2018.

14. Dr. Cordas also ordered an MRI to properly diagnose Plaintiff's serious medical condition.

15. Shortly thereafter, Defendant, rather than paying for the diagnostic testing, denied Plaintiff's workers' compensation claim.

16. Plaintiff made repeated attempts to return to work within the physical restrictions of her injury during the course of her treatment with Dr Cordas.

17. Despite her best efforts, Plaintiff continued to miss work intermittently to treat with Dr. Cordas and to attend to her injured shoulder.

18. Defendant was aware of Plaintiff's medical condition throughout her treatment.

19. Then, on January 7, 2019 Defendant abruptly terminated Plaintiff for "Violation of Company Policy – Attendance". The attendance "violations" were for the Plaintiff to care for her injured shoulder.

20. Defendant was well aware of Plaintiff's medical condition and her need to have time to care for said condition, and, rather than interacting with Plaintiff to determine whether her leave should be protected under the FMLA, and following the applicable law, Defendant chose to terminate Ms. Nowlin thus interfering with and disrupting Plaintiff's right to take leave under the FMLA.

## Count I
### Defendant's Unlawful Interference with FMLA Rights

21. Plaintiff incorporates by reference the allegations contained in Paragraphs 1–20 as if set forth fully herein.

22. As of October 2018, Plaintiff had been employed by Defendant for at least twelve months and had worked at least 1,250 hours during the previous twelve-month period.

23. By firing Plaintiff on January 2019, Defendant interfered with Plaintiff's ability to exercise her rights under the FMLA, which she would have done by returning to work within the time prescribed by the FMLA.

24. By firing Plaintiff, Defendant failed to restore Plaintiff to an equivalent position.

25. Defendant willfully interfered with and violated Plaintiff's rights under the FMLA, and, therefore, she timely files the claims embraced by this Count I.

26. As a direct and proximate result of Defendant's interference with Plaintiff's FMLA

rights, Plaintiff has suffered lost wages and benefits, for which Defendant is liable.

27. As a direct and proximate result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has suffered emotional distress as well as other forms of compensatory damages, making her entitled to liquidated damages under the FMLA.

28. Plaintiff is entitled to reasonable attorney's fees and costs stemming from this violation of FMLA.

Prayer for Relief

WHEREFORE, Plaintiff, Jennifer Nowlin, respectfully prays for relief as follows:

1. That process issue and Defendant be required to answer this Complaint within the time prescribed by the Tennessee Rules of Civil Procedure.

2. That Plaintiff be awarded damages in the amount of wages, salary, employment benefits and other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest, for Defendant's intentional indifference and/interference of Plaintiff's federally-protected rights, all in an amount not to exceed a total award of $200,000.

3. That Plaintiff be awarded reasonable attorneys' fees and costs in an amount to be determined by the Court;

4. That Plaintiff be awarded such other legal and equitable relief to which she may be entitled; and

Respectfully submitted,

*Jonathan W. Doolan*
Jonathan W. Doolan (TN Bar # 24397)

800 S. Gay Street, Suite 2250
Knoxville, TN 37929
(865) 851-1030
jonathan@doolanlawoffice.com

## COST BOND

    I HEREBY ACKNOWLEDGE myself as surety for all costs, taxes and damages in this cause in accordance with TCA §20-12-120.

_____
Jonathan W. Doolan